**Wenceslao De Jesus ESTEVEZ–GALLARDO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 10–70638.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.[*]

Filed Nov. 25, 2015.

Jorge Teodoro Cabrera, I, Esquire, Law Office, Studio City, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Don George Scroggin, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM [**]

Wenceslao De Jesus Estevez–Gallardo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Estevez–Gallardo has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government of El Salvador if he is returned. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir.2011).

Estevez–Gallardo argued in his brief to the BIA, and in his brief to this court, that he feared persecution in El Salvador based on a social group consisting of his family. In denying Estevez–Gallardo's claims, the BIA did not address this argument, nor did it have the benefit of this court's decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordo-*

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*ba v. Holder,* 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder,* 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–,* 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Estevez–Gallardo's asylum and withholding of removal claims for the agency to analyze his argument in the first instance, and to determine the impact, if any, of these decisions. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.